[No. 26387. Department One. May 3, 1937.]

LEE ROY CARLEN *et al., Respondents,* v. THE ESTATE OF E. LUNETTIE CASHMAN, *deceased, et al., Appellants.*[1]

*John E. Orr* and *D. R. Glasgow,* for appellants.

*B. J. Onstine* and *Carl L. Shuff,* for respondents.

MAIN, J.—This action was brought to recover the value of services rendered. The cause was tried to the court without a jury, and resulted in findings from which it was concluded that the plaintiffs were entitled to recover. From the judgment in their favor in the sum of $1,102, the defendants appeal.

The facts may be summarized as follows: In August, 1933, E. Lunettie Cashman was living on a ranch five or six miles from the city of Spokane. At the time, she was a widow, about seventy-four years of age, and was then living alone, except for a woman relative who had come to look after her temporarily. She had been afflicted with a cancer on the right side of the head for some years, and it had spread until it had reached about the middle of the top of the head and down to an encroachment on the right ear and part way across her forehead towards the right eye. About the time mentioned, her attending physician

[1]Reported in 67 P. (2d) 896.

desired her to leave the ranch and go to Spokane and enter a hospital or sanitarium, but this she was not inclined to do. Afterwards, at the request of the physician, supported by two personal friends of Mrs. Cashman, she consented to do so. As a result, she moved to the city of Spokane and took an apartment in the New Wellington Hotel.

At the time that she entered the hotel, there was living therein the respondent Ollie Carlen, who will be referred to as though she were the only respondent, her husband at the time being employed in Idaho. The respondent had, for many years, been a practical nurse. There was also living in the hotel or apartment house Clara A. Hughes, who had known Mrs. Cashman, and had been a friend of hers, for many years. Mrs. Hughes conducted a small store within a block or so of the hotel.

After Mrs. Cashman moved to the hotel, the evidence is in direct dispute as to who took care of her. The respondent claims, and testifies, that she took care of her, dressed her wound, did her washing, took care of her apartment, and gave her general attention. This Mrs. Hughes denies, and she claims that she did the things that Mrs. Carlen claimed to have done. The period of time during which the respondent claims to have rendered the services was from August 27, 1933, to August 8, 1934.

Mrs. Cashman died testate, as the result of the disease mentioned, April 20, 1935. She left a will in which Mrs. Hughes was named as the residuary legatee and Wayne H. Schermerhorn was named as executor. The will was admitted to probate, and subsequently the respondent filed a claim for the services rendered, which, by the executor, was rejected. Thereafter, the present action was begun, with the result as above stated.

■ The question presented upon this appeal is purely one of fact. If the respondent rendered the services which she claimed, she is undoubtedly entitled to compensation therefor. A number of witnesses supported the claim of the respondent, some of whom were in a position to have some knowledge thereof. On the other hand, Mrs. Hughes is also supported in her contention that she, and not the respondent, rendered the services. The testimony was oral, and the trial court, after weighing and considering it, found that the respondent rendered the services, and that the same were requested by Mrs. Cashman. If the respondent rendered the services, as she says and her witnesses support her, they were rendered under such circumstances that she naturally had a right to expect to be paid for the same, and under such circumstances Mrs. Cashman should have expected that they would be paid for. The reason given for delaying the matter until after the death of Mrs. Cashman was that she had no money at the time, and the understanding was that the payment should be deferred until after her death and then made out of the estate.

To review the evidence in detail, would greatly extend this opinion and serve no useful purpose. It is sufficient to say that the record has been read and considered, and we are of the view that the trial court, upon the conflicting testimony, reached the correct conclusion.

As to the amount of the judgment, this is well within the evidence.

The judgment will be affirmed.

STEINERT, C. J., MILLARD, BLAKE, and GERAGHTY, JJ., concur.